IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 6:20-CR-00039-JDK |
| vs. | § § § | |
| | § | |
| ISRAEL AGUILAR-MACIAS (1) | § | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On May 20 2024, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Allen Hurst. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

*Background*

After pleading guilty to the offense of Illegal Reentry Following Removal, a Class C felony, Defendant Israel Aguilar-Macias was sentenced on November 3, 2021 by United States District Judge Jeremy D. Kernodle. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 10 and a criminal history category of IV, was 15 to 21 months. The Court sentenced Defendant to imprisonment for a term of 20 months, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse treatment and testing, and to obtain a GED.

Defendant completed his term of imprisonment and started his term of supervised release on September 22, 2021 and he was deported to the country of Mexico on September 27, 2021.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on April 3, 2024, United States Probation Officer Andrea Van Ness alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition #1): The defendant must refrain from any unlawful use of a controlled substance.  The defendant must not commit another federal, state, or local crime.**  It is alleged that Defendant was arrested on April 2, 2024 by the Irving, Texas Police Department and charged with the offense of Failure to Identify Fugitive Intent to Give False Information, a Class A Misdemeanor.

2. **Allegation 2 (standard condition #8): The defendant must not communicate or interact with someone he knows is engaged in criminal activity.  If the defendant knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer.**  It is alleged that Defendant was arrested on April 2, 2024 by the Irving, Texas Police Department and that he was pulled over while driving a vehicle with a convicted felon, Lucas O'Neill Moore, as a passenger.  It is also alleged that Mr. Moore was found to be in possession of methamphetamine and fentanyl during the arrest.

3. **Allegation 3 (special condition):  As a condition of supervised release, immediately upon release from confinement, the defendant must be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq.  If ordered deported, the defendant must remain outside of the United States.  In the event the defendant is not deported, or for any reason re-enters the country after having been deported, the defendant must comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or re-entry into the country.**  It is alleged that Defendant was released from imprisonment on September 22, 2021 and was deported from the United States to Mexico on September 27, 2021.  Defendant was arrested in Irving, Texas on April 2, 2024.  It is alleged that Defendant failed to report to the nearest U.S. Probation Office within 72 hours of re-entry into the country.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the

evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing another crime, communicating or interacting with someone convicted of a felony or engaged in criminal activity, or failing to report within 72 hours of re-entry as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was IV. The guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 6 to 12 months.

### *Hearing*

On May 20, 2024, Defendant appeared for a final revocation hearing. Assistant United States Attorney Allen Hurst announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of imprisonment for a term of 6 months with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Texarkana

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 6 months with no further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 6 months with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Texarkana.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 6 months with no further term of supervised release.

So ORDERED and SIGNED this 20th day of May, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE